IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM LEE GRANT, II, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1478-D-BK |
| | § | |
| US DEPARTMENT OF DEFENSE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I.     BACKGROUND**

On June 8, 2018, Plaintiff, a pro se litigant and resident of Springfield, Illinois, filed his *Command Complaint* against the United States Department of Defense. Doc. 3. The following is an excerpt from the complaint:

> Operation Hometown Glory is a DOD domestic Black Ops Program run under the banner of the DOJ. The DOD disavows Beyonce. Grandmas kick ass. The DOD remembers 'Nam. The U.S. Department of Justice does not deny the 9/11 Terrorist Attacks were engineered to initiate a perpetual war known as the War on Terror . . . . Hillary Rodham Clinton killed (or was an accessory to murder) Vince Foster . . . . Hillary Rodham Clinton sent Ambassador J. Christopher Stevens to Benghazi, Libya as a suicide mission to prevent him from issuing a report advocating the diversion of funds from Iran to Libya. . . . Richard M. Daley murdered Chicago Mayor Harold Lee Washington, and permitted the torture and wrongful convictions of African-Americans in Chicago, Illinois, during his time as Cook County State's Attorney and Chicago Mayor. The State of Illinois and U.S. Department of Justice violated the Constitutional rights of WILLIAM LEE GRANT II to investigate these matters. . . .

Doc. 3 at 1-2. Plaintiff submitted with his complaint orders from other United States district courts dismissing some of his prior actions as frivolous.

Obviously, Plaintiff is no stranger to the federal courts. A review of the Public Access to Courts Electronic Records (PACER) reflects that Plaintiff is a serial litigator, having filed over 40 cases since 2016 in federal district courts nationwide. At least six of those actions essentially raised the same claims that are based on the same facts and seek the same relief as in this case. *See Grant v. Kabaker, et al.*, No. 3:17-cv-03261 (C.D. Ill. Nov. 9, 2017); *Grant v. Kabaker, et al.*, No. 1:17-cv-7902 (N.D. Ill. Oct. 31, 2017); *Grant v. U.S. Dep't of Defense*, No. 3:17-cv-3274 (C.D. Ill. Nov. 21, 2017); *Grant v. U.S. Dep't of Defense*, No. 1:18-cv-1469 (N.D. Ga. Apr. 5, 2018); *Grant v. U.S. Dep't of Defense*, No. 3:18-cv-3131 (C.D. Ill May 30, 2018); *Grant v. U.S. Dep't of Defense*, No. 1:18-cv-4917 (S.D.N.Y. June 1, 2018). All but a few of the more recently filed lawsuits were promptly dismissed as frivolous, and Plaintiff has been deemed a "serious abuse[r] of the *pro se* civil litigation process." *See Grant v. US Dep't of Transp.*, No. 3:18-cv-3130, text order (C.D. Ill. May 31, 2018); *see also Grant*, No. 3:17-cv-3274, slip op. at 3 (C.D. Ill. Nov. 30, 2017) (same); *Grant*, No. 1:17-cv-7902, slip op. at 3 (N.D. Ill. Nov. 16, 2017) (dismissing as frivolous because the "practice of refiling dismissed claims is an abuse of the judicial process and a district court is obligated to bring it to a halt"). Plaintiff has also been "enjoined from filing any new civil action or proceeding in the United States District Court for the Northern District of Illinois without first obtaining leave" of court. *See In re Grant*, No. 1:17-cv-8988, Order at 1 (N.D. Ill. Dec. 15, 2017). Additionally, the United States District Court for the Southern District of New York has warned Plaintiff that further duplicative or frivolous

litigation will result in an order barring him from filing new actions *in forma pauperis* without prior permission.  *See Grant*, No. 1:18-cv-4917, slip op. at 3 (S.D.N.Y. June 4, 2018).

Contemporaneously with this case, Plaintiff filed four more civil actions in this Court. *See* Nos. 3:18-cv-1479-K-BK, 4:18-cv-470-O-BJ, 4:18-cv-471-A, and 4:18-cv-472-O-BJ.  These submissions are a continuation of Plaintiff's pattern of vexatious and abusive filings.  Indeed, one of those four complaints raised basically the same claims as in this action, and was promptly dismissed by District Judge John McBryde as frivolous.  *See Grant v. United States Dep't of Defense*, No. 4:18-cv-471-A, slip op. at 2 (N.D. Tex., Fort Worth Div., Jun. 12, 2018).  Judge McBryde also prohibited Plaintiff "from filing any further actions *in forma pauperis* until he pays to the Clerk the sum of $100.00 as a sanction for his continued filing of frivolous complaints and abuse of the privilege of seeking to proceed *in forma pauperis*."  *Id.*

## II.   ANALYSIS

Even under the most deferential view, Plaintiff's claims are duplicative of those in the above-reference actions.  *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that an *in forma pauperis*  ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff").  Consequently, the complaint in this case should be dismissed as frivolous and malicious.  *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." (cited case omitted); *see also* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis*

complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief).

### III. SANCTION

In addition to the $100.00 sanction imposed by Judge McBryde in Case No. 4:18-cv-471-A, because Plaintiff persists in filing frivolous, vexatious actions, which reassert claims previously addressed and rejected, he should be barred from filing future actions *in forma pauperis* without the prior approval of the Court. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993) (federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority"). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### IV.     CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff should be **BARRED** from filing future actions *in forma pauperis* unless the Court grants him permission to do so.

**SO RECOMMENDED**, June 21, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE